IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION


GLADYS LAMPKINS                                    *
1720 Corcoran Street, Apt. T1
Washington, DC  20002                              *

      Plaintiff                                  *

v.                                                 *

MANOR CARE OF SILVER SPRING                        *
MD, L.L.C., individually and d/b/a
MANORCARE HEALTH SERVICES –                        *
SILVER SPRING
333 N. Summit Street                               *
Toledo, OH 43604-1531                                           Civil Action No.:
Serve:  Resident Agent                             *
      The Corporation Trust, Inc.,
      351 West Camden Street             *
      Baltimore, MD 21201
                                                   *

and                                                *

MANORCARE HEALTH SERVICES, L.L.C.
c/o Corporation Trust Company                      *
1209 Orange Street
Wilmington, DE 19801                               *
Serve:  Resident Agent
      The Corporation Trust, Inc.        *
      351 West Camden Street
      Baltimore, MD 21201                *

and                                                *

HCR MANORCARE MEDICAL SERVICES                     *
OF FLORIDA, L.L.C., individually and d/b/a
HEARTLAND CARE PARTNERS                            *
333 N. Summit Street
Toledo, OH 43604-1531                              *

1

Serve:  Resident Agent                          *
       The Corporation Trust, Inc.
       351 West Camden Street          *
       Baltimore, MD 21201
                      *

and                                             *

HCR MANORCARE FOUNDATION, INC
11555 Darnestown Road                           *
Gaithersburg, MD 20878
Serve:  Resident Agent                          *
       The Corporation Trust, Inc.
       351 West Camden Street          *
       Baltimore, MD 21201
                      *

and                                             *

MANOR CARE FOUNDATION, INC.
11555 Darnestown Road                           *
Gaithersburg, MD 20878
Serve:  Resident Agent                          *
       The Corporation Trust, Inc.
       351 West Camden Street          *
       Baltimore, MD  21201
                      *

and                                             *

HEARTLAND, INC.
c/o The Corporation Trust, Inc.                 *
351 West Camden Street
Baltimore, MD 21201                             *
Serve:  Resident Agent
       The Corporation Trust, Inc.     *
       351 West Camden Street
       Baltimore, MD 21201             *

and                                             *

HCR MANORCARE MARYLAND                          *
PROPERTIES, LLC
7 St. Paul Street, Suite 1600                   *
Baltimore, MD 21202

2

Serve:  Resident Agent                          *
       CSC Lawyers Incorporating
          Service Company                    *
       7 St. Paul Street, Suite 1600
       Baltimore, MD 21202                    *

and                                             *

HCR MANORCARE MARYLAND                          *
PROPERTIES II, LLC
7 St. Paul Street, Suite 1600                   *
Baltimore, MD 21202
Serve:  Resident Agent                          *
       CSC Lawyers Incorporating
          Service Company                    *
       7 St. Paul Street, Suite 1600
       Baltimore, MD 21202                    *

and                                             *

LINDA M. ALLEN-HOLMES, CNP                      *
24224 Primula Court
Gaithersburg, MD 20882                          *

and                                             *

RAMAN TULI, M.D.                                *
10810 Darnestown Road
Suite 202                                       *
Gaithersburg, MD 20878
                                                *
and
                                                *
RAMAN TULI, M.D., P.C.
10810 Darnestown Road                           *
Suite 202
Gaithersburg, MD 20878                          *
Serve:  Resident Agent
       Dr. Raman Tuli                         *
       7003 Fawn Trail Court
       Bethesda, MD  20817                    *

       Defendants

3

*********************************************************************

## COMPLAINT AND ELECTION FOR JURY TRIAL

The Plaintiff, Gladys Lampkins, by and through her attorneys, Henry E. Dugan, Jr., Alison D. Kohler and Dugan, Babij & Tolley, LLC, sues the Defendants, Manor Care of Silver Spring MD, LLC, individually and d/b/a ManorCare Health Services-Silver Spring, Manor Care Health Services, LLC, HCR ManorCare Medical Services of Florida, LLC, individually and d/b/a Heartland Care Partners, HCR ManorCare Foundation, Inc., Manor Care Foundation, Inc., Heartland, Inc., HCR ManorCare Maryland Properties, LLC, HCR ManorCare Properties, II, LLC, Linda M. Allen-Holmes, C.N.P., Raman Tuli, M.D, and Raman Tuli, MD, PC., stating:

1. This matter was filed with the Health Care Alternative Dispute Resolution Office of Maryland on or about August 1, 2012. A copy of the Statement of Claim is attached hereto as *Exhibit 1* and prayed to be taken as part hereof.

2. The Plaintiff filed Certificates of Merit and Reports with the Health Care Alternative Dispute Resolution Office of Maryland, on or about October 9, 2012. A copy of the Certificates of Merit and Reports are attached hereto as *Exhibit 2* and prayed to be taken as part hereof.

3. On or about October 9, 2012, the Plaintiff filed a Notice of Election to Waive Arbitration, pursuant to Md. Cts. & Jud. Procs. Code Ann. § 3-2A-06A, in the Health Care Alternative Dispute Resolution Office of Maryland. A copy of the Notice of Election to Waive Arbitration is attached hereto as *Exhibit 3*, and prayed to be taken as part thereof.

4. On or about October 11, 2012, an Order of Transfer was issued by the Health Care Alternative Dispute Resolution Office, transferring this case to the United States District Court for the District Of Maryland. A copy of the Order to Transfer is attached hereto as *Exhibit 4*, and prayed to be taken as part hereof.

5. These claims were properly filed in the Health Care Alternative Dispute Resolution Office as they exceed Thirty Thousand Dollars ($30,000.00) in damages, and were properly waived out to the United States District Court District of Maryland pursuant to Md. Cts. & Jud. Procs. Code Ann. § 3-2A-06A. All conditions precedent to the filing of these claims have been met.

6. The Plaintiff relates back to, repeats, re-alleges, adopts and incorporates by reference the Statement of Claim filed with the Health Care Alternative Dispute Resolution Office on or about August 1, 2012.

## PARTIES

7. The Plaintiff, Gladys Lampkins, is an adult citizen of the District of Columbia residing at 1729 Corcoran Street, Apt T1, Washington, DC 20002.

8. Defendant, Manor Care of Silver Spring MD, L.L.C., is a Delaware corporation with its principal place of business at 333 N. Summit Street, Toledo, OH 43604-1531. At all relevant times, Manor Care of Silver Spring MD, L.L.C. owned and operated the Manor Care long term care facility in Silver Spring, Maryland and did business as Manor Care Health Services – Silver Spring, which has a principal place of business of 2501 Musgrove Road, Silver Spring, Maryland 20904. Further, at all relevant times, Defendant, Manor Care of Silver Spring MD, L.L.C was the employer

and/or the actual and/or apparent principal of the physicians, nurses and other individuals staffing the facility and providing health care services to Gladys Lampkins.

9. Defendant, ManorCare Health Services, LLC, is a Delaware corporation with its principal place of business at 1209 Orange Street, Wilmington, DE 19801. At all relevant times, ManorCare Health Services, LLC was the owner/operator/principal of the Manor Care rehabilitative and long term care facilities throughout 32 states, including the Manor Care facility in Silver Spring, Maryland and was the employer and/or the actual and/or apparent principal of the physicians, nurses and other individuals staffing the facility and providing health care services to Gladys Lampkins..

10. Defendant, HCR ManorCare Medical Services of Florida, LLC, is a Florida corporation with its principal place of business at 333 N. Summit Street, Toledo, OH 43604-1531. At all relevant times, HCR ManorCare Medical Services of Florida, LLC owned and/or operated the Manor Care long term care facility in Silver Spring, Maryland and did business as Heartland Care Partners, which has a principal place of business of 7361 Calhoun Place, Rockville, Maryland 20855.   Further, at all relevant times, HCR ManorCare Medical Services of Florida, LLC  was the employer and/or the actual and/or apparent principal of the physicians, nurses and other individuals staffing the facility and providing health care services to Gladys Lampkins.

11. The Defendant, HCR ManorCare Foundation, Inc., is a corporation organized and existing under the laws of the State of Maryland with its principal place of business at 11555 Darnestown Road, Gaithersburg, MD 20878. At all relevant times, HCR ManorCare Foundation, Inc., owned and/or operated the Manor Care long term care

facility in Silver Spring, Maryland and/or was the employer and/or the actual and/or apparent principal of the physicians, nurses and other individuals staffing the facility and providing health care services to Gladys Lampkins.

12.  The Defendant, Manor Care Foundation, Inc., is a corporation organized and existing under the laws of the State of Maryland with its principal place of business at 11555 Darnestown Road, Gaithersburg, MD 20878. At all relevant times, ManorCare Foundation, Inc., owned and/or operated the Manor Care long term care facility in Silver Spring, Maryland and/or was the employer and/or the actual and/or apparent principal of the physicians, nurses and other individuals staffing the facility and providing health care services to Gladys Lampkins.

13.  The Defendant, HCR ManorCare Maryland Properties, LLC, is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 7 St. Paul Street, Suite 1660, Baltimore, Maryland 21202.  At all relevant times, HCR ManorCare Maryland Properties, LLC owned and/or operated the Manor Care long term care facility in Silver Spring, Maryland and/or was the employer and/or the actual and/or apparent principal of the physicians, nurses and other individuals staffing the facility and providing health care services to Gladys Lampkins.

14.  The Defendant, HCR ManorCare Maryland Properties II, LLC, is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 7 St. Paul Street, Suite 1660, Baltimore, Maryland 21202. At all relevant times, HCR ManorCare Maryland Properties II, LLC owned and/or operated the Manor Care long term care facility in Silver Spring, Maryland and/or was

the employer and/or the actual and/or apparent principal of the physicians, nurses and other individuals staffing the facility and providing health care services to Gladys Lampkins.

15.   Hereinafter in this Complaint and Election for Jury Trial, Defendants, Manor Care of Silver Spring, MD, LLC, Manorcare Health Services - Silver Spring, Manorcare Health Services, LLC, HCR ManorCare Medical Services of Florida, LLC, Heartland Care Partners, HCR Manorcare Foundation, Inc., Manor Care Foundation, Inc., Heartland, Inc., HCR Manorcare Maryland Properties, LLC and HCR Manorcare Maryland Properties, II, LLC will be collectively referred to as Defendant Manor Care of Silver Spring.

16.   At all relevant times, Defendant, Linda M. Allen-Holmes, C.N.P., was an adult citizen of the State of Maryland licensed to provide advanced degree  nursing services in the State of Maryland, with her principal place of business located at 2501 Musgrove Road, Silver Spring, MD 20904.

17.   At all relevant times, Defendant, Raman Tuli, M.D., was an adult citizen of the State of Maryland licensed to provide medical services in the State of Maryland, with his principal place of business located at 10810 Darnestown Road, Suite 202, Gaithersburg, MD 20878.

18.   At all relevant times, Defendant, Raman Tuli, M.D., P.C. was a Maryland corporation with its principal place of business in Gaithersburg, Maryland and was the employer and/or principal of Raman Tuli, M.D.

## JURISDICTION AND VENUE

19.   The amount of this claim exceeds Seventy Five Thousand Dollars ($75,000.00) and jurisdiction is proper pursuant to 28 U.S.C. § 1332 (diversity of citizenship), in that there is complete diversity of citizenship among the parties and the amount in controversy in this matter exceeds Seventy-Five Thousand Dollars ($75,000.00).  Venue is appropriate in this Honorable Court, pursuant to 28 U.S.C. §1391(a)(1), (2) and (3), as a place wherein the Defendants have their principal place of business and/or do business and as the place where  a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS COMMON TO ALL COUNTS

20.   Gladys Lampkins was admitted to Washington Hospital Center from July 31, 2009 until August 12, 2009.  Approximately three weeks before admission, Ms. Lampkins had been completely independent in all activities of daily living.  About three weeks before admission, Ms. Lampkins had fallen and struck her right leg on the bathtub, which caused her to rely on a cane or walker for walking and assistance with bathing.

21.   On admission to Washington Hospital Center, Ms. Lampkins was described as having generalized malaise associated with nausea, vomiting and fevers at home.  The generalized malaise was attributed to a urinary tract infection.  She was also found to have iron deficiency anemia.

22.   Ms. Lampkins was treated with intravenous antibiotics.  She also received blood transfusions for her anemia.  Following numerous tests and consultations, inpatient

physical therapy was recommended to improve her strength and allow her to return to independent living.

23.  On August 12, 2009, Ms. Lampkins was transferred to Manor Care of Silver Spring for physical therapy.  During her stay at Manor Care of Silver Spring, Ms. Lampkins was attended by Defendants, Raman Tuli, M.D., Linda M. Allen-Holmes, CNP and the nurses, wound care nurses, and rehabilitation staff of Manor Care.  Ms. Lampkins remained at Manor Care of Silver Spring from August 12, 2009 until September 26, 2009 except for an Emergency Room visit to Holy Cross Hospital on August 27, 2009.

24.  When Ms. Lampkins arrived at Manor Care of Silver Spring, she had no skin breakdown or lesions.

25.  On August 14, 2009, Defendant/Health Care Provider, Linda Allen-Holmes, CNP, noted that Ms. Lampkins had a ruptured vesicle or bulla of the right (anterior) ankle.

26.  On August 17, 2009, the nursing staff reported an open area on Ms. Lampkins' buttocks to Defendant, Linda Allen-Holmes, CNP.  Ms. Allen-Holmes documented that "skin changes not noted prior to this a.m.," and diagnosed Ms. Lampkins with a left buttock ulcer and right buttock ulcer.

27.  On August 17, 2009, Ms. Lampkins' pressure wounds or bed sores were measured and/or staged as follows:

1.  Stage II  pressure wound on the right ankle measuring 3x3 centimeters (1.8 x 1.8 inches);

2.  Left buttocks pressure wound measuring 5 centimeters (1.97 inches) x 2 centimeters (0.79 inches);

10

   3.  Right buttocks pressure wound measuring 5 centimeters
       (1.97 inches) x 2 centimeters (0.79 inches).

28.  Ms. Lampkins' wounds continued to progress and worsen.  By the August 24,

2009, wound care rounds, Ms. Lampkins was noted to have a Stage III pressure wound

with slough (dead or necrotic tissue) across both buttocks and her coccyx.  By September

7, 2009, Ms. Lampkins right ankle pressure wound was described as a Stage III wound

with slough.

29.  By August 24, 2009, the staff at Manor Care of Silver Spring also noted

pressure wounds on the inferior and superior plantar aspects of both feet and both heels.

Ms. Lampkins' pressure wounds on her feet continued to worsen such that by September

13, 2009, the right heel wound had both slough and eschar with purulent drainage and the

left heel wound had clear drainage with macerated edges.  The wounds progressed

without effective treatment being provided.

30.  On August 26, 2009, Defendant/Health Care Provider, Nurse Practitioner

Allen-Holmes, noted that there was a deep tissue injury on Ms. Lampkins left plantar

surface (the bottom or sole of the foot) involving the ball of the foot, arch, and heel area.

She also noted that Ms. Lampkins' left and right buttocks wounds extended into the

coccyx area, and that she "cries out in pain with change in position."

31.  Ms. Lampkins' wounds continued to worsen.  According to the minimum

data set prepared by Nurse White on September 1, 2009, Ms. Lampkins had three (3)

Stage III wounds and two (2) Stage IV wounds.  A Stage IV wound constitutes a full

thickness skin loss with extensive destruction, tissue necrosis, or damage to muscle, bone,

or supporting structures.

11

32.   By September 2, 2009, Nurse Practitioner Allen-Holmes noted that Ms. Lampkins' "dead tissue has increased, and is now in multiple areas." She also noted that Ms. Lampkins had a deep tissue injury of the right outer ankle with slough, increased drainage and pain on exam, as well as an increase in slough in multiple areas of the coccyx wound.   Also, on September 2, 2009, the wound care nurse noted that Ms. Lampkins' right and left buttocks wounds extended to the coccyx to become one ulcer. Furthermore, Ms. Lampkins developed an elevated temperature of 99.6.

33.   Notwithstanding the fact that Ms. Lampkins' wounds continued to worsen between visits by Defendant Raman Tuli, M.D., who saw Ms. Lampkins on August 14, 2009, and then again on September 4, 2009, Defendant Tuli wrote a note on September 4, 2009 that stated that Ms. Lampkins' "skin on the ankle healing good, and buttock-coccyx ulcer clean, small necrotic tissue."

34.   Ms. Lampkins' pressure wounds continued to worsen.   By September 15, 2009, the drainage became purulent and foul smelling.   The pressure wounds were so significant that Ms. Lampkins required pre-medication prior to undergoing wound treatments.

35.   On September 26, 2009, Ms. Lampkins was taken to the Holy Cross Hospital emergency department and admitted to the hospital because of chest pain, shortness of breath, low grade fever, nausea, vomiting, and some hypoxia.   The chest pain and shortness of breath resolved.

36.   On September 28, 2009, Ms. Lampkins had consultations by Podiatry and Infectious Disease physicians, who were both of the opinion that Ms. Lampkins' elevated

12

white blood cell count was probably due to a foot infection. Both found that Ms. Lampkins' right foot was red almost purple in color to just above the ankle in a patchy pattern. It was foul smelling, tender, and hot pus could be expressed from the plantar surface of the foot. She had a non-healing, non-granulating wound on the lateral aspect of her right ankle. The bottom of her right foot had crackling and foul smelling, bloody, purulent drainage. She had large black eschar of the right heel wound. She had wounds on the lateral aspect of her right lower leg extending approximately 10 to 12 centimeters above the level of the ankle with the lateral right leg wound was described as being down to the level of the fibula.

37.   During that admission, Ms. Lampkins was assessed as having extensive gangrene of the right heel and moderate gangrene of the left heel. Because of the extensive gangrene, Ms. Lampkins underwent above the knee amputations of both legs, with the right leg being amputated on September 30, 2009, and the left leg being amputated on October 9, 2009.

### COUNT I
### (Negligence Against All Defendants)

The Plaintiff, Gladys Lampkins, repeats, realleges, adopts and incorporates by reference paragraphs 1 through 37 of this Complaint and Election for Jury Trial as though fully set forth herein.

38.   At all times of which the Plaintiff complains, the Defendants Manor Care of Silver Spring, MD, LLC, Manorcare Health Services - Silver Spring, Manorcare Health Services, LLC, HCR ManorCare Medical Services of Florida, LLC, Heartland Care Partners, HCR Manorcare Foundation, Inc., Manor Care Foundation, Inc., Heartland,

13

Inc., HCR Manorcare Maryland Properties, LLC and HCR Manorcare Maryland Properties, II, LLC were corporations that, individually and/or by and through their real, apparent and/or ostensible agents, servants and/or employees, owned and/or operated and/or employed the health care providers who staffed Manor Care of Silver Spring and represented to the public and the Plaintiff possession of that degree of skill, knowledge and ability ordinarily possessed by a reasonably competent medical corporation providing short-term post-acute services and long-term care services in the fields of medicine, skilled nursing and rehabilitation.

39.     At all times of which the Plaintiff complains, the Defendants Raman Tuli, M.D. and Raman Tuli, M.D., P.C., individually and/or by and through their real, apparent and/or ostensible agents, servants and/or employees, represented to the public and the Plaintiff possession of that degree of skill, knowledge and ability ordinarily possessed by reasonably competent medical doctors attending and caring for patients in short-term post-acute care facilities and long-term care facilities.

40.     At all times of which the Plaintiff complains, the Defendant Linda M. Allen-Holmes CNP was a nurse practitioner certified by the State of Maryland and represented to the public and the Plaintiff possession of that degree of skill, knowledge and ability ordinarily possessed by a reasonably competent certified nurse practitioner providing nursing care to patients in short-term post-acute care facilities and long-term care facilities.

41.     At all relevant times, Defendants Manor Care of Silver Spring, MD, LLC, Manorcare Health Services - Silver Spring, Manorcare Health Services, LLC, HCR

14

ManorCare Medical Services of Florida, LLC, Heartland Care Partners, HCR Manorcare Foundation, Inc., Manor Care Foundation, Inc., Heartland, Inc., HCR Manorcare Maryland Properties, LLC and HCR Manorcare Maryland Properties, II, LLC, by and through their  real, apparent and/or ostensible agents, servants and/or employees, owed to their patient, Gladys Lampkins, the duty to exercise that degree of care, skill and judgment ordinarily expected of reasonably competent nursing, long term care and rehabilitation facilities in Maryland that were delivering wound care and rehabilitative care to patients under the  same or similar circumstances as Ms. Lampkins.  That duty included the proper interpretation and performance of adequate and appropriate diagnostic tests and procedures to determine the nature and severity of any medical conditions suffered by Gladys Lampkins, the prompt employment of appropriate procedures and treatments to correct such condition(s); the continuous evaluation of the course of such treatment(s) in response to such evaluation(s); and the duty of appropriate notification to Plaintiff Gladys Lampkins of the various alternatives and risks involved in the various modalities of treatment.

42.     At all relevant times, Defendants Raman Tuli, M.D., Raman Tuli, M.D., P.C., and Linda M. Allen-Holmes, CNP, individually and/or by and through their  real, apparent and/or ostensible agents, servants and/or employees,  owed to their patient, Gladys Lampkins, the duty to exercise that degree of care, skill and judgment ordinarily expected of reasonably competent physicians and advanced trained nurses attending to patients in nursing, long term care and rehabilitation facilities in Maryland.  That duty included the proper interpretation and performance of adequate and appropriate

15

diagnostic tests and procedures to determine the nature and severity of any medical

conditions suffered by Gladys Lampkins, the prompt employment of appropriate

procedures and treatments to correct such condition(s); the continuous evaluation of the

course of such treatment(s) in response to such evaluation(s); and the duty of appropriate

notification to Plaintiff Gladys Lampkins of the various alternatives and risks involved in

the various modalities of treatment.

43.     At all relevant times, Defendants, Manor Care of Silver Spring, MD, LLC,

Manorcare Health Services - Silver Spring, Manorcare Health Services, LLC, HCR

ManorCare Medical Services of Florida, LLC, Heartland Care Partners, HCR Manorcare

Foundation, Inc., Manor Care Foundation, Inc., Heartland, Inc., HCR Manorcare

Maryland Properties, LLC,  HCR Manorcare Maryland Properties, II, LLC,  and Raman

Tuli, M.D., P.C., were and are responsible for the acts and omissions of their physicians,

physician assistants, wound care nurses, nurses, nursing assistants, nutritionists and any

and all other employees and staff, under the doctrines of *respondeat superior* and/or

agency.

44.     Defendants, Manor Care of Silver Spring, MD, LLC, Manorcare Health

Services - Silver Spring, Manorcare Health Services, LLC, HCR ManorCare Medical

Services of Florida, LLC, Heartland Care Partners, HCR Manorcare Foundation, Inc.,

Manor Care Foundation, Inc., Heartland, Inc., HCR Manorcare Maryland Properties,

LLC,  HCR Manorcare Maryland Properties, II, LLC,  Raman Tuli, M.D., Raman Tuli,

M.D., P.C. and Linda M. Allen-Holmes, CNP,  individually and/or by and through their

real, apparent and/or ostensible agents, servants and/or employees, responsible for the

16

management of the care and treatment provided to Gladys Lampkins at Manor Care of Silver Spring breached the accepted standards of care and were negligent in their care and treatment of Plaintiff Gladys Lampkins.  These breaches of the standard of care include, but are not limited, to the following:

a.      Failing to employ adequate diagnostic procedures and tests to determine the nature and severity of the conditions of the Plaintiff;

b.      Failing to diagnose such conditions carefully;

c.      Failing to employ appropriate treatments and procedures to correct such conditions;

d.      Failing to carefully and thoroughly evaluate the effects of the chosen treatments;

e.      Failing to adjust such chosen treatments in response to evaluation of the effects of prior treatments;

f.      Failing to appropriately and adequately obtain an informed consent from the Plaintiff Gladys Lampkins;

g.      Failing to develop an adequate care plan for the management of Plaintiff Lampkins' pressure wounds;

h.      Failing to change the care plan as the wounds progressed and worsened;

i.      Failing to ensure that Plaintiff Lampkins, who entered the Defendants' facility without pressure wounds, did not develop pressure wounds as set forth by OBRA regulation Quality of Care §483.25 (c) (1);

j.      Failing to ensure that once Plaintiff Lampkins developed the pressure wounds that she was provided with the necessary treatment and services to promote healing and prevent infection of Plaintiff Lampkins wounds on her legs, feet, and buttocks/sacrum as set forth by OBRA regulation Quality of Care §483.25 (c) (1) and (2);

k.      Failing to deliver to Ms. Lampkins the necessary treatment and services to promote healing and prevent infection;

l.      Failing to identify and provide early treatment to any wound areas that displayed signs and symptoms of infection or deterioration;

m.      Failing to adequately treat infections that she did develop;

n.      Failing to change the plan of care as Ms. Lampkins' leg wounds became infected and deteriorated;

o.      Failing to refer Ms. Lampkins for expert consultation and care before it was too late to save her legs;

p.      Failing to change treatment plans when the treatment for pressure relief was not working;

q.      Failing to deliver the necessary care and services for Ms. Lampkins to attain and maintain the highest practicable physical, mental and psychosocial well-being as set forth by OBRA regulation Quality of Care §483.23(a(1);

r.      Failing to ensure that Ms. Lampkins' abilities in activities of daily living did not diminish, including failing to provide effective rehabilitation services for

which Ms. Lampkins was admitted, as set forth in part by OBRA regulation Quality of Care §483.25 (a); and

        s.      Defendants were otherwise negligent.

    45.    The Plaintiff further avers that as a result of the negligent medical and nursing care, treatment and management by the Defendants, individually and/or by and through their real, apparent and/or ostensible agents, servants and/or employees, responsible for the management of the care and treatment provided to Gladys Lampkins at Manor Care of Silver Spring, Plaintiff Lampkins developed numerous pressure wounds and suffered bilateral above the knee amputations,  which caused extreme conscious physical pain and suffering, emotional distress and mental anguish, physical deformity, the need for extensive medical and surgical treatment, the expense of that medical treatment, the need for future expensive medical treatment, and Plaintiff otherwise suffered injury and damage, without any negligence on the part of the Plaintiff contributing thereto.

    46    The Plaintiff further avers that the injuries, damages and losses sustained by her were due to the negligent and careless acts and omissions of the Defendants, individually and/or through their agents, servants and/or employees, who breached their aforementioned duties to the Plaintiff Gladys Lampkins.

    47.    As a direct and proximate result of the inadequate, inappropriate, and substandard management of medical and nursing care by the Defendants, individually and through their real, apparent and/or ostensible agents, servants and/or employees, the Plaintiff, Gladys Lampkins was injured and damaged.

48.    Plaintiff Lampkins further alleges that as a result of the negligent and careless acts and omissions of the Defendants, individually and through their real, apparent and/or ostensible agents, servants and/or employees, the Plaintiff, Gladys Lampkins experienced a severe shock to her nerves and nervous system, physical pain, mental anguish, unnecessary procedures, unnecessary hospital and medical care and expenses, permanent loss of both of her legs above the knee, permanent scarring and disability, and was otherwise hurt, injured and damaged.

49.    Plaintiff Lampkins further alleges that all of these injuries and damages were caused by the negligent acts and omissions of the Defendants, individually and through their real, apparent and/or ostensible agents, servants and/or employees, without any negligence or want of due care on the part of the Plaintiff thereunto contributing.

WHEREFORE, this claim is brought by the Plaintiff Gladys Lampkins against the Defendants, Manor Care of Silver Spring MD, LLC, individually and d/b/a ManorCare Health Services-Silver Spring, Manor Care Health Services, LLC, HCR ManorCare Medical Services of Florida, LLC, individually and d/b/a Heartland Care Partners, HCR ManorCare Foundation, Inc., Manor Care Foundation, Inc., Heartland, Inc., HCR ManorCare Maryland Properties, LLC, HCR ManorCare Properties, II, LLC, Linda M. Allen-Holmes, C.N.P., Raman Tuli, M.D, and Raman Tuli, MD, PC., in an amount in excess of the minimum jurisdiction of the United States District Court for the District of Maryland.

## COUNT II
### (Informed Consent – All Defendants)

The Plaintiff, Gladys Lampkins, repeats, realleges, adopts and incorporates by reference paragraphs 1 through 49 of this Complaint and Election for Jury Trial as though fully set forth herein.

50.     The Defendants, Manor Care of Silver Spring MD, LLC, individually and d/b/a ManorCare Health Services-Silver Spring, Manor Care Health Services, LLC, HCR ManorCare Medical Services of Florida, LLC, individually and d/b/a Heartland Care Partners, HCR ManorCare Foundation, Inc., Manor Care Foundation, Inc., Heartland, Inc., HCR ManorCare Maryland Properties, LLC, HCR ManorCare Properties, II, LLC, Linda M. Allen-Holmes, C.N.P., Raman Tuli, M.D, and Raman Tuli, MD, PC, individually and/or through their real, apparent and/or ostensible agents, servants and/or employees, owed to the Plaintiff the duty of appropriate notification of the various treatment alternatives and risks involved in various modalities of treatment.

51.     The Defendants, Manor Care of Silver Spring MD, LLC, individually and d/b/a ManorCare Health Services-Silver Spring, Manor Care Health Services, LLC, HCR ManorCare Medical Services of Florida, LLC, individually and d/b/a Heartland Care Partners, HCR ManorCare Foundation, Inc., Manor Care Foundation, Inc., Heartland, Inc., HCR ManorCare Maryland Properties, LLC, HCR ManorCare Properties, II, LLC, Linda M. Allen-Holmes, C.N.P., Raman Tuli, M.D, and Raman Tuli, MD, PC., individually and/or through their real, apparent and/or ostensible agents, servants and/or employees, were  negligent in failing adequately and appropriately to obtain the informed

consent from the Plaintiff, Gladys Lampkins, with regard to treatment decisions and were otherwise negligent.

52.     As a direct and proximate result of the negligence of Defendants, Manor Care of Silver Spring MD, LLC, individually and d/b/a ManorCare Health Services-Silver Spring, Manor Care Health Services, LLC, HCR ManorCare Medical Services of Florida, LLC, individually and d/b/a Heartland Care Partners, HCR ManorCare Foundation, Inc., Manor Care Foundation, Inc., Heartland, Inc., HCR ManorCare Maryland Properties, LLC, HCR ManorCare Properties, II, LLC, Linda M. Allen-Holmes, C.N.P., Raman Tuli, M.D, and Raman Tuli, MD, PC., individually and/or through their real, apparent and/or ostensible agents, servants and/or employees, in failing to obtain the informed consent of Plaintiff, the Plaintiff, Gladys Lampkins, experienced a severe shock to her nerves and nervous system, pain, and mental anguish, underwent surgery and unnecessary procedures, suffered the amputation above the knee of both legs, has been and will continue to be obliged to receive hospital and medical care, was prevented from engaging in his usual activities, duties and pursuits, incurred medical expenses, and was otherwise injured and damaged.

53.     All of these injuries and damages were caused by the negligence of Defendants Manor Care of Silver Spring MD, LLC, individually and d/b/a ManorCare Health Services-Silver Spring, Manor Care Health Services, LLC, HCR ManorCare Medical Services of Florida, LLC, individually and d/b/a Heartland Care Partners, HCR ManorCare Foundation, Inc., Manor Care Foundation, Inc., Heartland, Inc., HCR ManorCare Maryland Properties, LLC, HCR ManorCare Properties, II, LLC, Linda M.

Allen-Holmes, C.N.P., Raman Tuli, M.D., and Raman Tuli, MD, PC., without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this claim is brought by the Plaintiff, Gladys Lampkins, against Defendants Manor Care of Silver Spring MD, LLC, individually and d/b/a ManorCare Health Services-Silver Spring, Manor Care Health Services, LLC, HCR ManorCare Medical Services of Florida, LLC, individually and d/b/a Heartland Care Partners, HCR ManorCare Foundation, Inc., Manor Care Foundation, Inc., Heartland, Inc., HCR ManorCare Maryland Properties, LLC, HCR ManorCare Properties, II, LLC, Linda M. Allen-Holmes, C.N.P., Raman Tuli, M.D., and Raman Tuli, MD, PC., in an amount in excess of the minimum jurisdiction of the United States District Court for the District of Maryland.

Henry E. Dugan, Jr. (Bar #01320)
Alison D. Kohler  (Bar #01277)
Dugan, Babij & Tolley, LLC
1966 Greenspring Drive, Suite 500
Timonium, Maryland 21093
(410) 308-1600
Attorneys for Plaintiffs


**ELECTION FOR JURY TRIAL**


The Plaintiff, Gladys Lampkins, by and through her undersigned attorneys, elects

23

to try this case before a jury.

Henry E. Dugan, Jr. (Bar #01320)
Alison D. Kohler (Bar #01277)
Dugan, Babij & Tolley LLC
1966 Greenspring Drive, Suite 500
Timonium, Maryland 21093
(410) 308-1600
Attorneys for Plaintiffs